IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

THOMAS MARTINEZ                                                    PLAINTIFF

VS.                                     CIVIL ACTION NO. 3:14cv810-CWR-FKB

UNITED STATES OF AMERICA,
UNITED STATES DEPARTMENT OF JUSTICE,
FEDERAL BUREAU OF PRISONS,
CHARLES SAMUELS, HARRELL WATTS,
HELEN MARBURY, LISA SUNDERMAN,
CRAIG R. SIMMONS, MARCUS MARTIN, BONITA S. MOSLEY,
ANTHONY J. CHAMBERS, DR. R. MARTINEZ, FRANK SILVA,
JACK JOINER, MR. RUSS, JOHN DOES 1-10, AND
JANE DOES 1-10                                                     DEFENDANTS

### REPORT AND RECOMMENDATION

This matter is before the Court on the Defendants' Motion to Dismiss, or in the

alternative, Motion for Summary Judgment [22].  Plaintiff has filed a Response [28], and

Defendants have filed a Reply [29].  Plaintiff has also filed a Motion to Take Judicial Notice

[30], which the Court broadly construes as a part of Plaintiff's filings in opposition to the Motion

to Dismiss.  Martinez is proceeding in this matter *pro se*, but is not proceeding *in forma*

*pauperis*.  For the reasons discussed below, the undersigned recommends that the Motion to

Dismiss be granted in part and denied in part.

### I.  BACKGROUND

Martinez,[1] an inmate at the Federal Correctional Complex located in Yazoo City,

Mississippi ("FCC-Yazoo"), alleges that Defendants have committed wrongful acts or omissions

---

[1]On October 26, 2001, the United States District Court for the District of New Mexico
sentenced Martinez to a total term of 240 months with a term of five (5) years of supervised
release on the charges of possession with intent to distribute less than 500 grams of cocaine and
money laundering. [22-1] at 3.  Martinez becomes eligible for home detention on September 28,
2017, and his projected release date is March 28, 2018, with good conduct time. *Id.*

against him in violation of the Federal Torts Claims Act, 28 U.S.C. § 2671, *et seq*. ("FTCA"). Pursuant to the FTCA, Martinez alleges claims of personal injury, failure to provide adequate medical assistance, spoliation, and infliction of emotional distress.

In addition to his FTCA claims, Plaintiff alleges that he has brought this action pursuant to 28 U.S.C. § 1331.[2]  Accordingly, the Court construes Plaintiff's claims of constitutional deprivations against individual Defendants as being brought under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (holding that a plaintiff may seek damages from federal employees in their individual capacities for violations of federal rights).  Martinez alleges that Defendants violated his constitutional rights guaranteed by the First, Fourth, Fifth, Eighth, and Ninth Amendments.  Specifically, Plaintiff alleges that Defendants violated his constitutional rights to familial companionship, equal protection of the laws, access to the courts, freedom from torment, reputation, and protection of the law.  He asks for relief in the form of general, special, and punitive damages.

Defendants are the United States, the United States Department of Justice, and the Federal Bureau of Prisons ("BOP").  Also named as Defendants in their individual capacities are several employees of the BOP and other federal employees, as follows: Charles Samuels, Director of the BOP; Harrell Watts, Administrator of the National Inmate Appeals for the BOP; Helen Marbury, Regional Director for the BOP; Lisa Sunderman, Regional Counsel for the BOP; Craig R. Simmons, Deputy Regional Counsel for the BOP; Marcus Martin, Warden of FCC-Yazoo; Bonita S. Mosley, former Warden of FCC-Yazoo; Anthony J. Chambers, clinical director

---

[2] 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

of the Health Services Unit at FCC-Yazoo; Dr. R. Martinez, primary care physician at FCC-Yazoo; Frank Silva, Unit Manager at FCC-Yazoo; Jack Joiner, Director of Safety Department at FCC-Yazoo; Mr. Russ, safety specialist at FCC-Yazoo; John Does 1-10; and Jane Does 1-10. Plaintiff has sued all individually named Defendants in their individual capacities for civil rights violations and conspiracy to violate his civil rights.

Plaintiff's claims stem from injuries he received while working at FCC-Yazoo. According to his Complaint, between 6:00 a.m. and 7:00 a.m. on July 1, 2013, he suffered a "severe injury to his spine resulting in immediate and lasting pain" when he was "ordered to transport bags of dirty institutional laundry" down two flights of stairs. [1] at 9. Martinez alleges that he immediately sought medical attention for his injury, but employees at the Health Services Unit of FCC-Yazoo did not have time to treat him. *Id.* at 9-10. Martinez alleges that between 2:00 p.m. and 3:00 p.m., with the aid of other inmates, he again sought treatment at the Health Services Unit. *Id.* at 10. At that time, Nurse Practitioner McCoy met with him, prescribed him ibuprofen for his pain, told him he would be scheduled for an x-ray, and dismissed him to his unit. *Id.*

Plaintiff recounts other attempts to obtain treatment and to complain to officials about safety training. Plaintiff alleges that on or about July 3, 2013, he spoke with Defendant Silva about his pain and the lack of any safety equipment or training. *Id.* He alleges that he spoke with John Doe Defendants 1 and 2 on two separate occasions, on or about July 5, 2013, about the weight of the laundry bags, lack of any safety equipment, and his pain. *Id.* at 10-11. Martinez alleges that on July 10, 2013, he returned to the Health Services Unit and received an injection for the swelling in his back and the results of the x-ray, which only identified arthritis in his

-3-

back. *Id.* at 11.  He alleges he also asked for an M.R.I. of his back during that visit.  *Id.*

Martinez recounts that he returned to the Health Services Unit on July 18, 2013, complaining of

pain in his back. *Id.*  He asserts that staff did not have time to see him, but they stated they could

schedule an appointment for him in the future. *Id.*  On July 22, Martinez saw Dr. R. Martinez at

the Health Services Unit. *Id.* at 12.  Plaintiff alleges that on July 22, Dr. Martinez told him he

should go to the commissary to purchase aspirin or ibuprofen for his back pain. *Id.*  He alleges

that a July 29 appointment was cancelled by the Health Services Unit, but that on August 21, Dr.

Martinez saw him and prescribed naproxin and oxycarbazepine to assist with his back pain. *Id.*

He alleges that from September 4, 2013, to January 5, 2014,[3] Defendants continued to refuse any

additional diagnostic testing and refused to provide "any medical assistance which could relieve

Plaintiff's pain." *Id.* at 12.  Martinez alleges that on May 19, 2014, an M.R.I. was performed.

*Id.* at 13.  He asserts that the M.R.I. showed a bulging disc, which had never before been

diagnosed and for which he "had never presented any symptomology." *Id.*  Martinez alleges that

up until the time he filed his complaint, known and unknown Defendants made efforts to block

his receipt of medical assistance and compensation for his injury. *Id.*

## II.  RELEVANT STANDARDS

        Defendants have filed a Motion to Dismiss, or in the alternative, Motion for Summary

Judgment pursuant to Rule 12(b) and Rule 56 of the Federal Rules of Civil Procedure.  Because

Defendants have submitted matters outside the pleadings, the motion will be characterized as a

motion for summary judgment. *Johnson v. King*, 2010 WL 4638213*, *1 (S.D. Miss. May 18,

---

        [3]Although his complaint states "January 5, 2013," the Court reads "2013" as a
typographical error.

2010)(citing *Young v. Biggers*, 938 F.2d 565, 568 (5th Cir. 1991)).

Rule 56 of the Federal Rules of Civil Procedure states, in relevant part, that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is genuine if the "'evidence is sufficient to permit a reasonable factfinder to return a verdict for the nonmoving party.'" *Lemoine v. New Horizons Ranch and Center*, 174 F.3d 629, 633 (5th Cir. 1999)(quoting *Colston v. Barnhart*, 146 F.3d 282, 284 (5th Cir.), *cert. denied*, 119 S.Ct. 618 (1998)).  Issues of fact are material if "resolution of the issues might affect the outcome of the suit under governing law." *Lemoine*, 174 F.3d at 633. The Court does not, "however, in the absence of any proof, assume the nonmoving [or opposing] party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(*en banc*)(emphasis omitted).  Moreover, the non-moving party's burden to come forward with "specific facts showing that there is a genuine issue for trial,*" Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), is not satisfied by "conclusory allegations" or by "unsubstantiated assertions," or by only a "scintilla" of evidence. *Little*, 37 F.3d at 1075.

In addition, statutory and case law require a prisoner to exhaust administrative remedies, regardless of the relief sought, before bringing actions related to prison conditions in federal court.  The relevant portion of 42 U.S.C.§ 1997e, as amended by the Prison Litigation Reform Act of 1995 (PLRA), states the following:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a)(Supp. 2000).  In *Booth v. Churner*, 121 S.Ct. 1819 (2001), the Supreme

Court held that 42 U.S.C. § 1997e, revised as a part of the PLRA, requires an inmate to exhaust administrative remedies before bringing an action with respect to prison conditions, regardless of the relief offered through administrative procedures.  *Booth*, 121 S.Ct. at 1825. The United States Supreme Court further explained that the PLRA's exhaustion requirement is mandatory and applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *See Porter v. Nussle*, 122 S.Ct. 983, 988 (2002)("Thus, federal prisoners suing under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), must first exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a § 1983 suit.") ; *see also Jones v. Bock*, 127 S.Ct. 910 (2007)(reaffirming that exhaustion is mandatory; stating that it is an affirmative defense); *Zebrowski v. U.S. Federal Bureau of Prisons*, 558 Fed. App'x 355 (5th Cir. 2014)(finding exhaustion requirement applies to *Bivens* claims in case brought by prisoner at FCC-Yazoo). Likewise, exhaustion of the administrative remedy found in 28 U.S.C. § 2675(a) is a jurisdictional prerequisite to an action alleging FTCA claims.  *McNeil v. United States*, 508 U.S. 106 (1993).

The United States Court of Appeals for the Fifth Circuit has recognized that exhaustion of administrative remedies prior to suit is mandatory, and that district courts have no discretion to stay prisoner cases brought under 42 U.S.C. § 1983 when they are filed before prisoners have exhausted administrative remedies. *Gonzales v. Seal*, 702 F.3d 785 (5th Cir. 2012).  The *Gonzales* court concluded that:

> District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint.  It is irrelevant whether exhaustion is achieved during the federal proceeding.  Pre-filing exhaustion is mandatory, and the case must be dismissed if available

administrative remedies were not exhausted.

*Id.* at 788.  The Fifth Circuit has applied the same rule in *Bivens* and FTCA actions filed by prisoners.  *See Zebrowski*, 558 Fed. App'x at 359 (alleging *Bivens* claims); *Puga-Olmos v. United States*, 359 Fed. App'x 475, 476 (5th Cir. 2009)(FTCA action brought by federal prisoner).

Considering these standards, the Court turns to Plaintiff's claims.

III.  DISCUSSION

A.  Personal Jurisdiction

As an initial matter, the Court considers whether Martinez's claims against some Defendants should be dismissed for lack of personal jurisdiction.  Defendants have moved for dismissal as to the out-of-state Defendants: Charles Samuels, the Director of the BOP; Harrell Watts, former Inmate Appeals Administrator; Helen Marbury, Regional Director of the BOP; Lisa Sunderman, Regional Counsel for BOP; and Craig Simmons, Deputy Regional Counsel. According to Plaintiff's Summons [18], Samuels and Watts are located in Washington, D.C., and Marbury, Sunderman, and Simmons are located in Atlanta, Georgia.  Plaintiff opposes dismissal and argues that these Defendants have subjected themselves to the jurisdiction of this Court based on their work, supervision, or consultation with the administration at FCC-Yazoo. Without alleging specific facts or making detailed allegations, Plaintiff asserts in his complaint that each of these defendants is being sued in his or her "individual capacity for civil rights violations and conspiracy to violate the civil rights of Plaintiff." [1] at 2-3.

"When a defendant raises an objection to the Court's personal jurisdiction, the burden is on the plaintiff to make a *prima facie* showing that jurisdiction exists."  *Bouman v. Broome*,

-7-

2014 WL 3849905, *2 (S.D. Miss. Aug. 4, 2014).  Even if the Court accepts Plaintiff's vague

allegations of "wrongful acts and omissions," [1] at 8, and conspiracy as true, this Court has

recognized that "mere allegations relating to a Bureau of Prison official's decision regarding an

inmate's administrative appeal outside the forum state, and other supervisory activities over a

facility inside the forum state, are insufficient to establish personal jurisdiction." *Bouman*, 2014

WL 3849905 at *2.   Furthermore, "[i]t is not reasonable to suggest that federal prison officials

may be hauled into court simply because they have regional and national supervisory

responsibilities over facilities within a forum state." *Hill v. Pugh*, 75 Fed. App'x 715, 719 (10th

Cir. 2003).  In some instances, even limited contacts with the federal prison by a regional Bureau

of Prisons official do not confer personal jurisdiction over the official. *See Walker v. Reese*,

2008 WL 4426123, *3 (S.D. Miss. Sept. 25, 2008)(Bramlette, J.), *aff'd on other grounds*, 364

Fed. App'x 872 (5th Cir. 2010)(finding lack of personal jurisdiction over the Atlanta, Georgia,

based Regional Director of the Southeast Region of the Bureau of Prisons even considering "that

he came to the state to conduct a program review, that he had personal conversations with FCC

Yazoo City staff about the facility conditions, and that he personally responded to a grievance

letter that the plaintiff submitted."); *Johnson v. Rardin,* 1992 WL 9019, at * 1 (10th Cir. Jan. 17,

1992) (dismissing BOP Director and Regional Counsel for lack of minimum contacts where their

only involvement was reviewing inmate's appeals and occasionally advising prison staff

members in forum state).

     In *Bouman*, this Court dismissed Samuels and Marbury as defendants when an FCC-

Yazoo prisoner plaintiff  based his *Bivens* claims against them on their review of his

administrative grievance.  *Id.*   Likewise, Defendant Watts has previously been dismissed as a

defendant by a federal court for lack of personal jurisdiction on the basis that Watts's consideration of administrative appeals outside the forum state was "not sufficient contact to support a finding of personal jurisdiction." *Murrell v. Chandler*, 2007 WL 869568, *4 (E.D. Tex. Mar. 21, 2007), *rev'd on other grounds*, 277 Fed. App'x 341 (5th Cir. 2008). Finally, the reasoning of *Hill*, *Walker, and Johnson* supports dismissal of Sunderman and Simmons, who both work in a regional capacity with the BOP, and against whom Plaintiff has wholly failed to allege any specific facts supporting an argument for the extension of personal jurisdiction. Accordingly, pursuant to the foregoing cases, and because there are insufficient minimum contacts with Mississippi for this Court to exercise personal jurisdiction over these defendants consistent with the Due Process Clause of the Constitution, the undersigned recommends that this action be dismissed without prejudice for lack of personal jurisdiction as to Defendants Samuels, Marbury, Watts, Sunderman, and Simmons.

## B.  FTCA Claims

The Defendants next argue that Martinez is not entitled to relief under the FTCA. Defendants also assert, and Plaintiff concedes, [28] at 2, that the United States is the only proper party defendant for claims brought pursuant to the FTCA. *See Galvin v. OSHA*, 860 F.2d 181, 183 (5th Cir. 1988)("It is beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act suit.").  Accordingly, all of Plaintiff's FTCA claims against the agencies and individually named defendants should be dismissed with prejudice as the Court is without jurisdiction to consider them.  Thus, the only remaining defendant for Plaintiff's FTCA claims is the United States.

Nevertheless, Plaintiff's FTCA claims against the United States must also fail.  The

Bureau of Prisons' Inmate Accident Compensation ("IAC") procedures set forth in 28 C.F.R. §
301.101, *et seq.*, are the "exclusive means of recovery for prison-employee's work-related
injuries." *Walker v. Reese*, 364 Fed. App'x 872, 876 (5th Cir. 2010)(citing *United States v.
Demko*, 385 U.S. 149 (1966)). These regulations were promulgated pursuant to 18 U.S.C. §
4126(c)(4), which provides that the Prison Industries Fund may be used to compensate "inmates
. . . for injuries suffered in any industry or in any work activity in connection with the
maintenance or operation of the institution in which the inmates are confined." Moreover, 28
C.F.R. § 301.319 provides that:

> [i]nmates who are subject to the provisions of these Inmate Accident
> Compensation regulations are barred from recovery under the Federal Tort
> Claims Act (28 U.S.C. [§] 2671 *et seq.*). Recovery under the Inmate Accident
> Compensation procedure was declared by the U. S. Supreme Court to be the
> exclusive remedy in the case of work-related injury. *U. S. v. Demko*, 385 U.S. 149
> (1966).

28 C.F.R. § 301.319 (2016).

Plaintiff alleges in his complaint that his injuries occurred in the course and scope of his
work at FCC-Yazoo. [1] at 9. While he responds that the United States created the conditions
that led directly to his injury, [28] at 3, the FTCA does not provide his remedy. "*Demko* makes
clear that § 4126 is the sole remedy against the government where the injury is work-related, and
the cause of the injury is irrelevant so long as the injury itself occurred while the prisoner was on
the job." *Aston v. United States*, 625 F.2d 1210, 1211 (5th Cir. 1980). The IAC is also the
exclusive remedy for claims derivative of the injury, such as claims related to the "alleged
negligence of prison staff in providing him or failing to provide him medical care after the work-
related injury occurred." *Walker v. Reese*, 2008 WL 4426123, *14 (S.D. Miss. Sept. 25,
2008)(collecting cases), *aff'd*, 364 Fed. App'x 872 (2010). To be sure, the Supreme Court in

-10-

*Demko* stated that "[u]ntil Congress decides differently we accept the prison compensation law as an adequate substitute for a system of recovery by common-law torts." *Demko*, 285 U.S. at 153. Because the IAC system provides the exclusive remedy against the government for Plaintiff's work-related injuries that he suffered as a prison-employee, the Court lacks jurisdiction to adjudicate his FTCA claim and any derivative tort claim, including his claims for spoliation,[4] personal injury, failure to provide adequate medical assistance, and infliction of emotional distress. *Walker*, 364 Fed App'x at 876. Accordingly, the United States is entitled to summary judgment on this claim, and Martinez's FTCA claim against the United States, including his derivative tort claims of spoliation, personal injury, failure to provide adequate medical assistance and infliction of emotional distress, should be dismissed with prejudice.

## C. *Bivens* Claims

Martinez alleges *Bivens* or constitutional claims based on the First, Fourth, Fifth, Eighth, and Ninth Amendments. [1] at 18. Specifically, he asserts that Defendants violated his constitutional rights to familial companionship, equal protection of the law, access to the courts, freedom from torment, reputation, and protection of the law. *Id.* at 18-19. Broadly construing his complaint, he alleges that Defendants have violated his rights to peaceful assemblage; to petition the government for redress of grievances; to be secure against unreasonable searches and seizures; not to be deprived of life, liberty, or property without due process of law; not to suffer

---

[4]Spoliation is not an independent tort under Mississippi law. *Dowdle Butane Gas Co. v. Moore*, 831 So. 2d 1124, 1135 (Miss. 2002)("We refuse to recognize a separate tort for intentional spoliation of evidence against both first and third party spoliators."). Thus, Plaintiff could not bring such claim in Mississippi pursuant to the FTCA. *See* 28 U.S.C. § 1346(b)(1)(stating that liability to the claimant is "in accordance with the law of the place where the act or omission occurred.").

cruel and unusual punishment; and to privacy.  *Id.* at 18.  Furthermore, he alleges that
Defendants took the complained-of actions "deliberately, maliciously, wantonly, and/or with
reckless disregard and indifference" to his rights.  *Id.* at 19.

### 1.  Exhaustion of Administrative Remedies

The government argues that Martinez's claims against the individual defendants must be
dismissed because Plaintiff failed to exhaust his administrative remedies.  The government also
argues that Martinez has brought *Bivens* claims against inappropriate defendants and,
alternatively, that Martinez's claims fail on the merits.  Martinez responds that he has exhausted
his administrative remedies because he was "not required to file administrative remedies which
specifically state that he is asserting a *Bivens* claim nor is he required to meet the lofty
expectations of seasoned attorneys." [28] at 4.

The PLRA's exhaustion requirement is mandatory and applies to all inmate suits about
prison life, whether they involve general circumstances or particular episodes, and whether they
allege excessive force or some other wrong. *See Porter v. Nussle*, 122 S.Ct. 983, 988 (2002). It is
well established that "federal prisoners suing under *Bivens* . . . must first exhaust inmate
grievance procedures just as state prisoners must exhaust administrative processes prior to
instituting a § 1983 suit." *Id.*  Even though Martinez may have exhausted his administrative
remedies as to his FTCA claims, that exhaustion does not transfer to *Bivens* claims because
"there are separate procedures for exhausting tort claims and claims involving the conditions of
confinement." *Lambert v. United States*, 198 Fed. App'x 836, 840 (11th Cir. 2006).  In other
words, a prisoner's notification of claims under the FTCA is not sufficient to exhaust *Bivens*
claims. *See Brown v. United States*, 2012 WL 7655323, *2 (S.D. Miss. Dec. 19, 2012)(Walker,

J.)(finding that inmate grievances through the BOP's administrative remedy program were not the "functional equivalent of an administrative tort claim."), *adopted*, 2013 WL 797443 (S.D. Miss. Mar. 4, 2013). "[E]xhaustion means proper exhaustion, *i.e.*, under the terms of and according to the time set by BOP regulations." *Lambert*, 198 Fed. App'x at 840 (citing *Woodford v. Ngo*, 126 S.Ct. 2378, 2387-88 (2006)).

At this juncture, however, it is unclear to the Court whether Plaintiff has exhausted his *Bivens* constitutional claims. Defendants argue that it has submitted records providing proof that Martinez has failed to exhaust his administrative remedies. *See* Exhibit B at [22-2]. However, Defendants fail to provide any interpretation of the records, and the summary judgment motion is lacking any affidavit "made on personal knowledge" by a person "competent to testify on the matters stated," which would provide explanation of the records. Fed. R. Civ. P. 56(c)(4). Accordingly, at this stage of the litigation, the undersigned recommends that summary judgment on the basis of exhaustion be denied without prejudice. *See* Fed. R. Civ. P. 56(e). As detailed in the conclusion of this Report and Recommendation, Defendants should be given leave to re-urge the motion with proper support. *Id.*

## 2.  No Constitutional Remedy

Despite these deficiencies, Defendants are entitled to summary judgment on some of Plaintiff's claims. Martinez has characterized some of his claims as *Bivens* claims, yet the Supreme Court has not provided a constitutional remedy under *Bivens* for them. The following claims fall into that category:

a.  Martinez's claim that staff violated his First Amendment rights in general is foreclosed by case law. *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)("Indeed, we have

declined to extend *Bivens* to a claim sounding in the First Amendment.")(citing *Bush v. Lucas*, 462 U.S. 367 (1983)).

b.  Martinez's claim that staff violated his right to familial association fails as this is not a right recognized by case law.  *See Smith v. Puentes*, 2009 WL 330360 (E.D. Cal. Oct. 14, 2009)("That prisoners have no right to unfettered visitation is settled law.")(citing *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989));

c.  Martinez's claim that Defendants violated his Ninth Amendment rights fails as "no cause of action exists solely for a violation of the Ninth Amendment."  *Canton Branch, N.A.A.C.P. v. Runnels*, 617 F. Supp. 607, 609 n.3 (S.D. Miss. 1985).

d.  The Supreme Court has not recognized a constitutional interest in the protection of one's reputation.  *See Paul v. Davis*, 424 U.S. 693, 712 (1976)("[T]he interest in reputation asserted in this case is neither 'liberty' nor 'property' guaranteed against state deprivation without due process of law.").

e.  Martinez's claim that his Fourth Amendment right to be free from unreasonable searches and seizures and right to privacy have been violated cannot stand.  *See Hudson v. Palmer*, 468 U.S. 517, 530 (1984)(holding that "prisoners have no legitimate expectation of privacy and that the Fourth Amendment's prohibition on unreasonable searches does not apply in prison cells.").

### 3.  Denial of Access to Courts

In addition, summary judgment should be granted to Defendants as to some of Plaintiff's other claims, including Plaintiff's claim of denial of access to the courts.  To establish a violation of his right to access to the courts, a plaintiff must prove an "actual injury" resulting from the

officials' actions.  *Lewis v. Casey*, 116 S.Ct. 2174, 2180-2181 (1996).  This actual injury requirement is not satisfied by just any type of frustrated legal claim; a prisoner's constitutional rights are violated only when prison officials interfere with his *access to the courts* and he is prejudiced by the interference. Plaintiff has failed to allege any facts supporting any injury or prejudice he suffered related to this claim.  Accordingly, Defendants are entitled to dismissal of Martinez's claim alleging denial of access to the courts.

### 4.  *Bivens* Claims Against Dr. Chambers

Likewise, summary judgment should be granted in favor of Defendant Dr. Anthony Chambers, Clinical Director of the Health Services Department at FCC Yazoo City.  Plaintiff alleges that he has sued Chambers "in his individual capacity for civil rights violations and conspiracy to violate the civil rights of Plaintiff." [1] at 3.  In response to the motion for summary judgment, Martinez argues that Chambers's failure to treat him was outside of the scope of his employment. [28] at 5.  However, Martinez fails to allege any specific facts to support his claims against Chambers, and he fails to dispute or offer any credible evidence that Chambers is not an officer of the United States Public Health Service ("USPHS").

The government urges dismissal of Plaintiff's *Bivens* claims against Chambers based on the absolute immunity from suit provided by 42 U.S.C. § 233(a).[5]  Under that statute, the FTCA

---

[5]42 U.S.C. § 233(a), "Exclusiveness of remedy," provides, as follows:

The remedy against the United States provided by sections 1346(b) and 2672 of Title 28, or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under section 1346(b) of Title 28, for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, shall be

provides the exclusive remedy against an officer or employee of the Public Health Service. According to the Declaration [22-6] of Dr. Chambers, he is a commissioned officer in the USPHS.

Indeed, the Supreme Court has considered the exclusivity of the FTCA remedy under this statute and concluded that "the immunity provided by § 233(a) precludes *Bivens* actions against individual PHS officers or employees for harms arising out of conduct described in that section." *Hui v. Castaneda*, 599 U.S. 799, 812 (2010). Moreover, in a previous *Bivens* case arising from FCC Yazoo City, the Fifth Circuit specifically held that § 233(a) preempted a federal prisoner plaintiff's *Bivens* action against Dr. Chambers. *Walker*, 364 Fed. App'x at 875 n.2. Furthermore, nothing in Martinez's factual allegations or the limited record support a finding that Dr. Chambers was acting outside the scope of his employment. *Id.* Accordingly, because it is undisputed that Chambers is a commissioned officer of the USPHS, and Martinez's vague claims against Chambers appear to be based on medical treatment Martinez did or did not receive at FCC-Yazoo City in the scope of Chambers's employment, Chambers is entitled to absolute immunity from Martinez's *Bivens* claims against him based on 42 U.S.C. § 233(a). Therefore, the undersigned recommends that summary judgment be entered in favor of Chambers as to Martinez's *Bivens* claims.

<u>5. Fifth Amendment Claims</u>

The Court now turns to Plaintiff's claims that Defendants violated his Fifth Amendment rights of "equal protection of the laws" and to "protection of the law." [1] at 18-19. As a

---

exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim.

prisoner, Martinez's claims are subject to dismissal under 28 U.S.C. § 1915A, which allows for dismissal of "any portion of the complaint" if a claim "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

To properly state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact.)" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(citations and footnote omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(citing *Twombly*, 550 U.S. at 556).

In this instance, Martinez has failed to allege in what manner his Fifth Amendment due process rights have been violated.  He fails to identify any Defendants who acted to violate his due process rights, nor does he identify which actions were discriminatory.  Because he has provided nothing more than a "sheer possibility that a defendant has acted unlawfully," his Fifth Amendment claims should be dismissed.  *Id.*

### 6.  Eighth Amendment Claim

Finally, the Court considers Martinez's claims that Defendants violated his Eighth Amendment rights.   The Court construes Martinez's claims of "Freedom from Torment" and "Protection of the Law," as a part of his Eighth Amendment claim. [1] at 19.  The government argues that Martinez did not articulate particular facts to support this claim.  To the contrary, the undersigned finds that Martinez articulates facts supporting an Eighth Amendment claim of deliberate indifference to his serious medical needs by setting forth the various instances in

-17-

which he alleges Defendants denied him adequate medical attention. However, at this stage of the litigation, there are no records before the Court on which to evaluate the claim properly. Fed. R. Civ. P. 56(e). Accordingly, the undersigned recommends that the motion for summary judgment be denied without prejudice as to Martinez's Eighth Amendment claim.

<u>IV. CONCLUSION</u>

Therefore, for the reasons set forth above, the undersigned recommends that Defendants' Motion to Dismiss, or in the alternative, Motion for Summary Judgment [22] be granted in part and denied in part. Plaintiff's Motion to Take Judicial Notice [30] is granted to the extent that the Court has construed it as a part of Plaintiff's filings in opposition to Defendants' Motion [22]. Accordingly, the undersigned recommends that the Court take the following actions:

1. Plaintiff's claims against Defendants Samuels, Marbury, Watts, Sunderman, and Simmons should be dismissed for lack of personal jurisdiction.

2. Plaintiff's FTCA claims against all remaining individually named Defendants and federal agencies should be dismissed with prejudice, and Plaintiff's FTCA claims against the United States should be dismissed with prejudice.

3. The following *Bivens* claims urged by Martinez should be dismissed because they have not been recognized by the Supreme Court, given Martinez's prisoner status or as otherwise noted in this Report and Recommendation:

> a. First Amendment claims;
>
> b. Familial association;
>
> c. Ninth Amendment claims;
>
> d. Protection of reputation; and

> e. Fourth Amendment claims.

4. Summary judgment should be granted to Defendants on Martinez's *Bivens* claim of denial of access to the Courts and on his claims against Dr. Chambers.

5. Plaintiff's claims that Defendants violated his Fifth Amendment rights to equal protection of the laws and to protection of the law should be dismissed for their failure to state a claim upon which relief may be granted.

6. Summary judgment as to Martinez's *Bivens* Eighth Amendment claims should be denied without prejudice.

Should the District Court adopt this Report and Recommendation, the parties will be given thirty (30) days from the filing of the District Court's order of adoption to file their motions regarding the affirmative defense of exhaustion of administrative remedies and Martinez's Eighth Amendment *Bivens* claims.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 22nd day of August, 2016.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE

-19-